UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
STEVEN SPANN, LINDA SMITHSON,    )
and ORVAL SESLER,                )
                                 )
        Plaintiffs               )
                                 )     Case 3:10-1115
v.                               )     Judge Nixon/Brown
                                 )     Jury Demand
DICKSON COUNTY, TENNESSEE,       )
and JERRY BURGESS,               )
                                 )
        Defendants               )
```

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**A. Jurisdiction and Venue.** The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

This Court has venue pursuant to 28 U.S.C. § 1391(b).

**B. Theories of the case**

**1. Plaintiff's Theory.** Plaintiffs were unlawfully discharged from their employment with Defendant Dickson County based on their political support and protected speech in favor of the political opponent of Defendant Burgess. Their discharges violate Plaintiffs' First Amendment Rights.

**2. Defendant's Theory**. The Defendants deny that they violated the Plaintiffs' First Amendment or other constitutionally protected rights in connection with any adverse employment action taken by them regarding Plaintiffs' employment. Accordingly, the Defendants deny that they are liable to Plaintiffs

pursuant to 42 U.S.C. section 1983, or any other applicable provision of state or federal law.

  **C.** **Issues Resolved and in Dispute.** All issues as to liability and damages remain in dispute.

  **D.** **The Need for Additional Claims or Parties.** If necessary, any motion to amend the pleadings shall be filed by **May 13, 2011**.

  **E.** **Discovery.**

  1. Mandatory initial disclosures shall be made by **February 11, 2011**.

  2. The parties shall complete all written discovery and depose all fact witnesses on or before **October 7, 2011**. No other discovery dispute-related motions will be filed unless the parties have first conducted a telephone conference with the Magistrate Judge about the matter.

  3. In the event that expert testimony is necessary, the plaintiff shall identify and disclose all expert witnesses and expert reports on or before **August 5, 2011**. The defendant shall identify and disclose all expert witnesses and expert reports on or before **September 9, 2011**. Discovery relating to experts shall be complete by **October 7, 2011**.

**F.  Dispositive Motions**.  All dispositive motions shall be filed by **November 4, 2011**. Responses to dispositive motions shall be filed within **28 days** after service of the motion. Optional replies, <u>limited to five pages</u>, shall be filed within **14 days** after service of the response.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**G.  Alternative Dispute Resolution.**  At this time, the parties have not agreed on any mechanisms for alternative dispute resolution.  A telephone conference with Magistrate Judge Brown to discuss case progress is set for **July 13, 2011, at 9:30 a.m.  To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

**H.  Settlement.**  No settlement negotiations have taken place.

**I.  Anticipated Length of Trial.**  The parties anticipate that the trial will last three or four days.  After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **April 24, 2012**, **at 9:00 a.m.**  Judge Nixon will conduct the final pretrial conference on **April 13, 2012, at 10:00 a.m.**  Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

**J.  Electronic Discovery.**  The parties agree that the local rule governing electronic discovery will not apply.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge